UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA S. ERVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0468-CVE-TLW |
| ) | |
| NORTHWEST ROGERS COUNTY FIRE ) | |
| PROTECTION DISTRICT, a political ) | |
| subdivision and DAVID PUCKETT, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendants' Motion to Dismiss (Dkt. # 11). Plaintiff Linda S. Ervin filed a petition in state court alleging sexual harassment and racial discrimination. Dkt. # 2-2. Defendants removed the case to this Court. Dkt. # 2. Defendants now ask the Court to dismiss Ervin's state law claims.

**I.**

For the purpose of Defendants' Motion to Dismiss (Dkt. # 11), the following allegations are taken as true. Ervin is a Native American female, formerly employed by defendant Northwest Rogers County Fire Protection District (NRCFPD). Dkt. # 2-2, at 1. Defendant Puckett was Chief of NRCFPD during Ervin's employment. Id.

Ervin alleges that she "was sexually harassed in that a hostile work environment was created." Id. at 2. Firefighters allegedly made derogatory and sexual comments and engaged in inappropriate behavior toward Ervin. She complained to Puckett, who told her "she had to deal with

it."  Id.  Ervin also alleges that firefighters used racial slurs toward and about her, and that Puckett participated in this conduct and failed to take corrective action.  Id. at 3.

Ervin told Puckett that she was "unable to endure such conduct and that if the conduct did not cease that she would have no other alternative but to leave."  Id.  Ervin alleges that the defendants' conduct "resulted in the constructive discharge of Plaintiff."  Id.  Ervin's employment with NRCFPD ended.  Defendants allegedly "retaliated against Plaintiff for bringing to light such unlawful conduct by failing to take any action, by allowing the conduct to get worse and lying during Plaintiff's unemployment proceedings and denying that Plaintiff had ever complained about sexual harassment in an attempt to keep Plaintiff from her unemployment maliciously."  Id.

## II.

The defendants appear to be confused regarding what claims Ervin seeks to make.  The Court cannot blame them.   Although Ervin maintains that her "petition clearly states a claim under 42 U.S.C. § 1983 for sexual harassment," Dkt. # 15, at 2, the Court finds no reference to any law whatsoever in Ervin's sexual harassment allegations.  See Dkt. # 2-2, at 1-2.  Defendants apparently guessed that Ervin intended to bring sexual harassment claims under Oklahoma law and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and moved to dismiss those claims.  See Dkt. # 11, at 5.  In her response to defendants' motion to dismiss (Dkt. # 15), Ervin states that her "petition stated claims for gender discrimination under 42 U.S.C. § 1983 against both Puckett and NRCFPD," and that she "has not alleged a Title VII claim."  Dkt. # 15, at 1. She makes no mention of state law in her response, even though defendants discussed state law claims in their motion to dismiss.  Id.  Defendants do not seek to dismiss Ervin's claims under 42 U.S.C. §§ 1981 and 1983. Dkt. # 17, at 2.

2

Defendants' remaining request is that the Court dismiss "plaintiff's state-law gender and racial discrimination claims." Id. The Court does not find any such claims to dismiss. State law is not mentioned anywhere in Ervin's petition. See Dkt. # 2-2. Ervin has stated only that her gender discrimination claims are based on 42 U.S.C. § 1983, and that her racial discrimination claims are based on 42 U.S.C. §§ 1981 and 1983. Dkt. # 15, at 3. The Court will hold Ervin to these representations, and she will be limited to these claims.

However, plaintiff's state court petition does not state these claims in separate counts, as required by Fed. R. Civ. P. 10(b). Further, plaintiff does not identify the federally-protected rights that form the legal basis for her § 1983 claims. Plaintiff must file an amended complaint complying with Rule 10 and identifying the legal basis for her § 1983 claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Dkt. # 11) is **moot**.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint complying with the above-stated directive no later than **November 10, 2009**.

**DATED** this 5th day of November, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3